THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| ANDRE` CARPRUE | * | CIVIL ACTION NO. 05-0009 |
| VERSUS | * | JUDGE JAMES |
| EXIDE TECHNOLOGIES, INC. AND SCHUMACHER ELECTRIC CORP. | * | MAGISTRATE JUDGE HAYES |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion for Summary Judgment (Doc. #46) filed by Defendant, Exide Technologies ("Exide"). The motion is unopposed, although the plaintiff did submit an untimely and deficient opposition (Doc. #52). He failed to correct the deficiency in the untimely opposition within the deadline for so doing. For the reasons stated below, it is recommended that the motion be **GRANTED.**

### BACKGROUND

Plaintiff, Andre` Carprue ("Carprue"), filed this suit in state court on November 29, 2004, alleging that, on or about December 1, 2003, a battery manufactured by Exide exploded while attached to a charger manufactured by Schumacher Electric Corp., causing him significant injuries including loss of vision in his right eye. Carprue claims that the explosion was due to a defect in the design and/or in the construction and composition of the battery and that Exide failed to provide an adequate warning of the potential for explosion.[1] The matter was timely

---

[1] There is an issue in this case as to whether the battery that Carprue claims to be the battery that exploded and injured him was actually manufactured by Exide. According to Exide, the battery that exploded was thrown onto the side of the road by Moses Moss ("Moss"),

1

removed to this court. The original discovery deadlines in this court were in February and March of 2006. After the case was continued, a new scheduling order issued, with discovery deadlines in June and July of 2006. The present motion was filed on August 11, 2006, after all discovery deadlines had passed.

## LAW AND ANALYSIS

### Summary Judgment Standard

Summary judgment is appropriate when the evidence before the Court shows that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. F.R.C.P. Rule 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" under this standard if the non-moving party has presented sufficient evidence that a reasonable jury could return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden in summary judgment situations, and must demonstrate through portions of the pleadings, depositions, answers to interrogatories, admissions and/or affidavits that no genuine issue of material fact exists. *Celotex Corp.*, 477 U.S. at 323. Once the moving party has successfully demonstrated the absence of a genuine issue of material fact, the burden shifts to the non-moving party to show the opposite. *Matsushita*

---

Carprue's boss, sometime after the explosion and was later retrieved. Carprue contends that it has been confirmed that the battery was manufactured by Exide. However, according to Exide, Moss testified that he cannot remember the name of the manufacturer of the battery and that he has no receipts regarding the purchase of the battery. Furthermore, the battery that was retrieved from the side of the road is allegedly missing the section of its top on which a label would have appeared. It is not necessary for this court to resolve this issue because Exide's summary judgment motion is not based on Carprue's ability to prove that Exide manufactured the battery at issue. However, Exide has made clear that it does not admit that it manufactured the battery that allegedly exploded and caused Carprue's injuries and that it reserves the right to contest this issue at a later date if necessary.

2

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In doing so, the non-moving party may not merely rely on the allegations and conclusions contained within the pleadings; rather, he "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). Furthermore, these specific facts must be shown through something more than "some metaphysical doubt as to the material facts, by conclusory unsubstantiated allegations, or by a mere scintilla of evidence." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

While the facts are to be reviewed with all inferences drawn in favor of the non-moving party, factual controversies are resolved in favor of the non-movant only when there is an actual controversy. That is, when both parties have submitted evidence of contradictory facts. *McCallum Highlands, Limited v. Washington Capital DUS, Inc.*, 66 F.3d 89 (5th Cir. 1995). In this case, the plaintiff has failed to file to submit evidence of any facts contradictory to those submitted by the moving party. In the absence of a timely opposition to the motion, this Court must accept the evidence presented by the defendant and its statement of undisputed facts as true. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); ULLR 56.2E&W. Thus, for purposes of this motion, those facts are deemed admitted.

Furthermore, the moving party in this matter, Exide, served Carprue with requests for admission that Carprue knew of no evidence supporting his allegations of defective construction or composition, defective design, or failure to warn.[2] Carprue failed to respond to the requests or to seek an extension of time to do so within the 30-day time limit imposed by Rule 36(a).[3]

---

[2] *See* Defense Exhibit 3, Requests 1-6.

[3] Exide served Carprue with Requests for Admission via facsimile and United States mail on August 2, 2005. Carprue responded to the Requests on September 6, 2006.

Accordingly, the requests are deemed admitted under Fed. R. Civ. P. 36(a). A matter formally admitted under Rule 36 is conclusively established. *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001). Therefore, "[s]ince Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted, they cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the summary judgment record." *Id.* (citing *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985).

Carprue has not moved to amend or withdraw the default admissions as provided by Rule 36(b). Fed. R. Civ. P. 36(b). In his untimely opposition memorandum, Carprue asserts that this Court should overlook his late responses because the answers to the requests were in depositions taken by Exide; the answers to the questions when first received would not have provided Exide with any useful answers because Carprue had not yet retained an expert; and because the late answers have not unduly delayed the case or prejudiced the defendant. Accordingly, Carprue contends that he should not be cast with admission of the requests. It is not clear if Carprue is asking this Court to amend or withdraw the default admissions but, even assuming that he is, Rule 36(b) states that ". . . the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Fed. R. Civ. P. 36(b). As will be discussed below, even without the admissions, and even if the court considers the untimely and deficient opposition, Carprue has failed to provide sufficient evidence to defeat Exide's summary judgment motion; therefore, allowing Carprue to amend or withdraw the default admissions would not subserve the merits of this action, and the court declines to exercise its discretion to allow withdrawal or amendment of the admissions.

Although Carprue failed to file a timely opposition to Exide's summary judgment motion, it is within this Court's discretion to consider an untimely opposition. However, in this case the opposition was not only untimely, it was also deficient in that it failed to include a separate statement of contested Facts. As per Local Rules 56.1 and 56.2, such facts are deemed admitted for purposes of this motion unless opposed.[4] That deficiency was never corrected, and therefore those facts are deemed admitted on that basis as well. Accordingly, there is, by definition, no genuine issue of material fact present in this case. A review of the uncontested facts shows that Exide is entitled to a judgment as a matter of law on Carprue's defective construction or composition, defective design, and failure-to-warn claims.

It should be noted that even if this Court were to allow the deemed admissions to be withdrawn and if it were to consider Carprue's untimely and deficient opposition to the motion, summary judgment would still be appropriate in this case.

## Louisiana Products Liability Act

In order to succeed on a products liability action under the Louisiana Products Liability Act ("LPLA"), there are four elements a plaintiff must prove: "(1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product 'unreasonably dangerous'; and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d

---

[4]Local Rule 56.1 states: "Every motion for summary judgment shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Rule 56.2 states: "Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule."

5

254, 261 (5th Cir. 2002). "A product is 'unreasonably dangerous' under the LPLA if the product meets at least one of the following criteria:

> (1) The product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55;
>
> (2) The product is unreasonably dangerous in design as provided in R.S. 9:2800.56;
>
> (3) The product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57; or
>
> (4) The product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58."

*Id.* In this case, Carprue is not alleging that the battery was defective because it did not conform to an express warranty made by Exide; therefore, only Carprue's evidence as it pertains to the first three criteria need be addressed.

*A. Defective Construction or Composition Claim*

In order to prove that a product is defective in construction or composition, a plaintiff must establish that, "'. . . at the time the product left the manufacturer's control, 'the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer.'" *Id.* (quoting La.Rev.Stat.Ann. § 9:2800.55 (West 1997)). Therefore, in order to prevail on this theory of liability, Carprue must ". . . demonstrate not only what a manufacturer's specifications or performance standards are for a particular product, but how the product in question materially deviated from those standards so as to render it 'unreasonably dangerous.'" *Welch v. Technotrim, Inc.*, 778 So.2d 728 (La.App. 2d Cir. 2001) (quoting *Morris v. United Services Auto Ass'n.*, 756 So.2d 549 (La.App.2d Cir. 2000) (citing Kennedy, *A Primer on the Louisiana Products Liability Act*, 49 La. L. Rev. 565, 593 (1989); Gallagan, *The Louisiana Products Liability Act: Making Sense of It All*, 49 La. L. Rev. 629, 648 (1989))).

Carprue asserts that his expert, Gene Haynes, has "offered his opinion that the most likely source of the explosion was internal and caused by problems with the plates attached to the positive post." Plaintiff's Opp. Memo p. 2. Therefore, argues Carprue, the battery ". . . was unreasonably dangerous due to the likelihood of the plates causing an explosion." Carprue's Opp. Memo p. 3. A review of Mr. Haynes' testimony show that while he did state that it was **possible** that one of the plates inside the battery was cracked and that such could produce a spark sufficient to cause an explosion, he also clearly stated numerous times that he could not determine whether such an occurrence was the cause of the alleged explosion in this case without performing testing on the battery and that, based on his knowledge at that point in time, the source of the spark was just as likely external to the battery as internal. Plaintiff's Exhibit 1 pp. 30, 31, 33, 34-35.

Carprue also relies on a comment made by Mr. Haynes pertaining to the grids attached to the bottom of the positive terminal posts of the battery. Mr. Haynes stated that a visual inspection of the grids suggested that there was more heat on the right side of the positive terminal post than on the left side. *Id.* p. 36. However, he then stated that he *did not know* whether the source of the explosion was internal or external, but that it appeared to him that the right side of the positive terminal post was a ". . . very high likelihood of the source."[5] *Id*. p. 36.

---

[5]It is worth noting that none of this information was contained in Mr. Haynes' expert report filed with the Court, and that his report actually contradicts portions of his testimony. In his report, Mr. Haynes stated the following opinions: (1) the battery experienced an explosion that ruptured the outside of the case on the top cover near the battery terminal locations; (2) there was no case distortion or bulging noted which would indicate any long term heating of the interior components of the battery prior to the explosion; (2) the battery was generating hydrogen as a result of being under charge; (4) a spark occurred, either internal or external to the battery, and ignited a flame front which in turn ignited the hydrogen within the battery; (5) an ignition of the hydrogen was the source of the explosion; (6) **the lack of bulging and warping of the battery case indicates that the ignition source was external to the battery and not internally generated;** (7) the broken handle section appears not to be involved in the explosion but in

7

While Carprue contends that this is sufficient to create a genuine issue of material fact as to whether the battery contained a construction or composition defect, this Court is unconvinced. Mr. Haynes' unwillingness to commit to an opinion regarding the cause of the explosion or the existence of a defect without further testing, which based on the record before the court he did not do, leaves Carprue without evidentiary support for his defective construction or composition claim. As the time for discovery has passed, and no such evidence has been adduced, Exide is entitled to judgment as a matter of law on such claim.

*B. Defective Design Claim*

Exide next asserts that Carprue has not produced any evidence to support his claim that the battery at issue is unreasonably dangerous in design and, therefore, that it is entitled to summary judgment on Carprue's defective design claim. "A product is unreasonably dangerous in design if, at the time it left the manufacturer's control, there existed an alternative design that would have prevented the claimant's damage, provided the likelihood and gravity of damage outweighs the burden of the alternative design and the adverse effect on the product's utility." *Ashley v. General Motors Corp.*, 66 So.2d 1320, 1322 (La.App. 2d Cir. 1996) (citing LSA-R.S. 9:2800.56)). Thus, in order to withstand Exide's motion for summary judgment, Carprue must present evidence establishing that a safer alternative design existed at the time the battery left Exide's control and that the risk that could have been avoided by such an alternative design outweighed the burden imposed by its adoption. *Morgan v. Gaylord Container Corp. et al.*, 30 F.3d 586, 590 (5th Cir. 1994).

---

handling of the battery after the event. In his July 21, 2006 deposition, Mr. Haynes testified that when he stated that the appearance of the battery indicated that the ignition source was external rather than internal, he did not intend to rule out the possibility that the source of the spark was internal, but rather to indicate that internal thermal runaway was not the source of the spark. The undersigned is unconvinced.

8

Carprue has failed to provide sufficient evidence to allow a reasonable jury to find that the battery in issue was defective in its design. Carprue has provided absolutely no evidence of a safer alternative design, nor has he provided any risk/burden analysis. Again, the only evidence cited by Carprue in support of his claim is the testimony of Mr. Haynes, the insufficiency of which has already been discussed above. Therefore, Exide is entitled to a grant of summary judgment on Carprue's defective design claim.

*C. Failure-to-Warn Claim*

In addition to his construction/composition and design defect claims, Carprue also alleges that Exide should be held liable for his injuries due to its failure to warn users of the battery's alleged potential to explode while being used in a manner intended by the manufacturer. "To successfully maintain a failure-to-warn claim under the LPLA, a plaintiff must demonstrate that the product in question has a potentially damage-causing characteristic and that the manufacturer failed to use reasonable care to provide an adequate warning about this characteristic." *Stahl*, 283 F.3d at 264. In order to show that a product has a potentially damage-causing characteristic, ". . . a plaintiff must provide evidence about the 'cause, frequency, severity, or consequences of the dangerous characteristic in question." *Id.* "'A mere allegation of inadequacy' is insufficient for a plaintiff to survive summary judgment on a failure-to-warn claim. *Id.* (citing *Anderson v. McNeilab*, Inc., 831 F.2d 92, 93 (5th Cir. 1987)).

Once again, Carprue has failed to provide evidence sufficient to establish the essential elements of his failure-to-warn claim. Again, the only evidence provided by Carprue of the existence of a dangerous characteristic is the aforementioned testimony of Mr. Haynes, who was unwilling without testing the battery to state a definitive opinion. Therefore, Carprue has not provided sufficient evidence regarding the cause, frequency, severity, or consequences of the

9

battery's alleged potentially damage-causing characteristic.

Moreover, even assuming *arguendo* that Carprue has established the battery's alleged propensity to explode as a potentially damage-causing characteristic, Carprue has provided no evidence, other than his own allegations, of a lack of reasonable care on the part of Exide to warn of such characteristic. The expert report and deposition testimony of Mr. Haynes fail even to mention the failure-to-warn issue, much less to state an opinion that Exide exhibited a lack of reasonable care in warning of the alleged potential for the battery to explode. Carprue's unsupported allegations that the warning label was too small and inconspicuous for the user to have noticed it are clearly insufficient to survive summary judgment.

Furthermore, Exide also contends that it is entitled to a grant of summary judgment based on the evidence it has provided to prove that the warning provided by Exide was adequate. In support of this contention, Exide produced expert testimony stating that the warnings on its batteries were adequate, in keeping with good practices in the battery industry, and in conformance with applicable standards for this type of battery.[6] Defense Exhibit 7 p. 3. Because Carprue has produced no competent evidence contrary to this opinion, Exide is entitled to summary judgment based on the fact that the warning placed on the batteries manufactured by Exide were adequate.[7]

---

[6]Exide is not conceding that it manufactured the battery at issue; however, assuming *arguendo* that the battery was manufactured by Exide, Exide has produced an affidavit signed by John F. Bear, an employee of Exide charged with the duty of supervising the content of labels placed on batteries manufactured by Exide, identifying the label that would have been on a battery such as the one at issue. It is this label to which Dr. McKnight is referring.

[7]Exide also contends that it is entitled to summary judgment based on the fact that it had no duty to warn Carprue in this instance. However, in light of this Court's finding that Exide is entitled to summary judgment on the grounds already discussed, it is not necessary for the Court to address this issue.

As the forgoing discussion illustrates, not only has Carprue failed to respond in a timely manner to Exide's requests for admission and statement of uncontested material facts, but he has also failed to provide sufficient evidentiary support for his defective construction or composition, defective design, and failure-to-warn claims. Discovery has closed in this matter and all applicable deadlines cited in the scheduling order in place herein have passed. Thus, Carprue has had ample time in which to gather sufficient evidence to support his claims, but has failed to do so. ". . . Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." *Stahl*, 283 F.3d at 263 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). A court cannot ". . . infer the existence a defect based solely on the fact that an accident occurred. The [LPLA] specifies clearly the prerequisites for establishing the existence of a defective product and places the burden of proof on the claimant." *Ashley*, 666 So.2d at 1322. In this instance, Carprue has failed to meet his burden. Therefore, Exide is entitled to summary judgment on all of Carprue's claims.

For the reasons stated above, **IT IS RECOMMENDED** that Exide's Motion for Summary Judgment (Doc. #46) be **GRANTED** and all claims against Exide be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of

filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 26th day of September 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE